IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ABU-BAKAR IVORY GRIGGS, | ) | 8:07CV404 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOUGLAS COUNTY | ) | |
| CORRECTIONS CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on Defendant's Motion to Dismiss. (Filing No. 5.) In its Motion, Defendant argues that dismissal is appropriate here pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5). As set forth below, Defendant's Motion is granted.

## I.   BACKGROUND

    Plaintiff filed his Complaint in this matter on October 11, 2007. (Filing No. 1.) Defendant filed a Motion to Dismiss and Brief in Support on November 6, 2007. (Filing Nos. 5 and 6.) Plaintiff did not file a response to Defendant's Motion to Dismiss.

    As set forth in this court's Local Rules, a motion raising a "substantial issue of law" must be supported by a brief. NECivR 7.1(a)(1)(A). Additionally, a party opposing a motion to dismiss "shall file a paginated brief which concisely states the reasons for opposing the motion" within 20 days of the filing of the motion to dismiss. NECivR 7.1(b)(1)(A-B). However, "failure to file an opposing brief shall not be considered to be a confession of the motion." NECivR 7.1(b)(1)(C).

The court has carefully reviewed the documents submitted by the parties. While Defendant submitted a Motion to Dismiss and a Brief in Support, Plaintiff has not filed an opposing brief, or any other response to the Motion to Dismiss. Under the Local Rules of the court, the time in which to respond has passed and the Motion to Dismiss is deemed fully submitted.

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff filed his Complaint against one Defendant, the "Douglas County Corrections Center." (Filing No. 1 at CM/ECF p. 1.) Liberally construed, Plaintiff alleges that he was hired as a "Corrections Officer" and began training on November 28, 2005. (*Id.* at CM/ECF p. 2.) Plaintiff was required to sign an "exemption from liability for the physical training," although no other trainees were required to do so. (*Id.*)

On December 15, 2005, Plaintiff participated in a "shakedown" and was "falsely accused of touching an inmate's buttocks by an officer." (*Id.*) Although Plaintiff wrote an incident report stating that the allegations were false, he was terminated for this incident on December 22, 2005. (*Id.*) Plaintiff believes he was terminated because he is "multi-racial" and has disabilities. (*Id.* at CM/ECF pp. 7-12.) Plaintiff first presented his claims to the EEOC, and received his "right to sue" letter from the EEOC on July 19, 2007. (*Id.*)

## III.   ANALYSIS

Defendant argues that dismissal is appropriate here because the entity "Douglas County Corrections Center" does not have the capacity to sue or be sued and therefore the court lacks personal jurisdiction over it. As set forth in Federal Rule of Civil Procedure 17(b), except in the case of individuals and corporations, whether a party has the capacity to be sued is determined "by the law of the state where the

court is located." *Id.* Counties may sue and be sued under Nebraska law. Neb. Rev. Stat. § 23-101. There is no statutory or other authority under Nebraska law stating that county corrections departments may sue or be sued. Further, although a county corrections department may be considered a "unit of local government" under Neb. Rev. Stat. § 13-903, "it is clear that the Nebraska Legislature defined 'political subdivisions' as those units of local government having 'governing bodies' with the power and authority to appropriate funds and to make expenditures." *Meyer v. Lincoln Police Dep't.*, 347 F. Supp. 2d 706, 707 (D. Neb. 2004).

Here, as in *Meyer*, the court "has no basis to infer that" Douglas County Corrections Center is a political subdivision subject to suit. *Id.* To the contrary, Douglas County Corrections Center is merely a building, ran by an agency of the political subdivision Douglas County. Thus, it has "no separate legal status under Nebraska law." *Id.* Douglas County Corrections Center is the only Defendant named by Plaintiff, and Plaintiff has not attempted to serve any other Defendant. (Filing Nos. 1 and 4.) Defendant's Motion to Dismiss is therefore granted. However, on the court's own motion, Plaintiff shall have until June 13, 2008 to amend his Complaint in order to name the proper defendant(s) and to effect service of process on any new defendant in accordance with the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that:

1. Defendant Douglas County Corrections Center's Motion to Dismiss (filing no. 5) is granted.

2. Plaintiff shall have until June 13, 2008 in which to amend his Complaint to name the proper defendant(s) and to effect service of process on any new defendant in accordance with the Federal Rules of Civil Procedure.

3. The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: June 13, 2008: deadline for Plaintiff to amend Complaint and serve any new defendant.

April 29, 2008. BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge